O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J.R., by and through his guardian ad litem, LAURA JUAREZ and R.J.R., by and through her guardian ad litem, LAURA JUAREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, SANTA ANA POLICE DEPARTMENT, PAUL M. WALTERS, OFFICER DOE 1, OFFICER DOE 2,<br><br>Defendants. | CASE NO. 8:11-CV-00292-JST (PJWx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court is a Motion to Dismiss filed by Defendants City of Santa Ana and Paul M. Walters (collectively "Defendants"). (Doc. 12.) Plaintiffs A.J.R. and R.J.R. (collectively "Plaintiffs") opposed the Motion and Defendants replied. (Docs. 14, 15.) Having considered the briefs and taken the matter under submission, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.

**I. Background**

On December 10, 2010, Andres Ramirez was shot in the back of the head and killed by an officer from the Santa Ana Police Department Gang Suppression Unit. (First Amended Complaint ("FAC"), Doc. 10, ¶¶ 17-24.) Ramirez's two surviving minor children, Plaintiffs A.J.R. and R.J.R., bring this wrongful death action against the City of Santa Ana, the Santa Ana Police Department, Paul M. Walters, Officer Doe 1, and Officer Doe 2.[1] Plaintiffs allege five claims: (1) deprivation of civil rights under 42 U.S.C. § 1983; (2) deprivation of civil rights under 42 U.S.C. § 1983 pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978); (3) conspiracy to interfere with civil rights under 42 U.S.C. § 1985; (4) wrongful death under Cal. Civ. Proc. Code § 377.60; and (5) assault and battery. (FAC at 9-19.) Defendants City of Santa Ana and Paul M. Walters filed the instant Motion to Dismiss moving the Court to: (1) dismiss the First Amended Complaint with respect to the City of Santa Ana; (2) dismiss the First Amended Complaint with respect to Paul M. Walters; and (3) dismiss the third claim for failure to state a claim upon which relief can be granted. (Doc. 12.)

---

[1] Plaintiffs bring this action on behalf of their father. *See Robertson v. Wegmann*, 436 U.S. 584 (1978) (looking to state survivorship statute in determining if § 1983 action could go forward); Cal. Civ. Proc. § 377.60(a) (allowing wrongful death suits by children).

2

## II. Legal Standard

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## III. Discussion

First, although Defendants assert that the "First Amended Complaint, as a whole, fails to state a claim upon which relief can be granted with respect to the City of Santa Ana" and "with respect to Chief Paul Walters," (Notice of Motion, Doc. 12, at 2,) Defendants' Motion to Dismiss addresses only Plaintiffs' first, second, and third claims. (*See generally* Mot. to Dismiss.) Accordingly, the Court considers Defendants' Motion only as to those three claims.

Second, Plaintiffs' first and second claims purport to be two separate claims for deprivation of civil rights, referencing 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. However, it is apparent that Plaintiffs are asserting only one claim against Defendants under 42 U.S.C. § 1983. (*See* FAC ¶¶ 39-60 (alleging "customs, practices, policies, and decisions" of Defendants under first claim and alleging "custom, policy, and practice" of Defendants under second claim); Opp'n, Doc. 14. at 4-6 (discussing Defendants' liability only under 42 U.S.C. § 1983).) Thus, the Court addresses Plaintiffs' first and second claims as a single claim for deprivation of civil rights under 42 U.S.C. § 1983.

In light of these considerations, the Court considers in turn Plaintiffs' claims for deprivation of civil rights under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985. The Court concludes that Plaintiffs have sufficiently pleaded a claim under 42 U.S.C. § 1983 against the City of Santa Ana and against Santa Ana Police Chief Paul M. Walters individually and that Plaintiffs have failed to state a claim for relief under 42 U.S.C. § 1985.

**A. Deprivation of Civil Rights under 42 U.S.C. §1983**

1. Santa Ana Police Chief Paul M. Walters

Initially, the Court notes that Plaintiffs assert their § 1983 claim against Paul M. Walters "in [his] individual and official capacities." (FAC ¶ 12.) "An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Id.* Thus, Plaintiffs' § 1983 claim against Walters in his official capacity is subsumed within Plaintiffs' § 1983 claim against the City of Santa Ana and Plaintiffs can maintain an independent § 1983 claim against Walters only individually.

Walters is liable in his individual capacity if he set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others which he knew or reasonably should have known, would cause others to inflict a constitutional injury. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). "A supervisor can be liable in his individual capacity 'for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation . . . ; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez*, 946 F.2d at 646). Plaintiffs allege that the "Gang Suppression Unit of [the Santa

Ana] Police Department has been engaging in far reaching and overly aggressive enforcement procedures which has led to the killing of numerous different individuals." (FAC ¶ 27.) Plaintiffs further allege that it is an "unwritten policy and procedure of [the Santa Ana] Police Department to intimidate individuals in Santa Ana through the violence and murder of individuals such as Andres Ramirez," and "[t]he policies and procedures of the Gang Suppression Unit were ratified and were made known to officers of [the Santa Ana] Police Department at the direction of Defendant Walters." (*Id.*) These policies and procedures resulted in "[v]iolation of Andres Ramirez's Constitutional Rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment." (*Id.* ¶ 35(a).) Because Plaintiffs have alleged that Walters directed a policy of the Santa Ana Police Department that led to a constitutional violation, this is sufficient to plead a plausible § 1983 claim against Walters individually. *See Twombly*, 550 U.S. at 570 (holding that a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face.").

2. City of Santa Ana

To state a claim against the City of Santa Ana, Plaintiffs must allege a "custom" or "policy" that caused a constitutional violation.[2] *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). As the Supreme Court held:

> [A]lthough the touchstone of the § 1983 action against a government body
> is an allegation that official policy is responsible for a deprivation of rights

---

[2] Plaintiffs assert their § 1983 claim against both the City of Santa Ana and the Santa Ana Police Department. Plaintiffs cannot, however, maintain a § 1983 claim against the Santa Ana Police Department as "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)). Plaintiffs' § 1983 claim against the Santa Ana Police Department is subsumed within Plaintiffs' § 1983 claim against the City of Santa Ana.

> protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91. An informal custom or policy may "fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bryan County*, 520 U.S. at 404. And, "[i]n some instances, a single act will establish liability if the decision to take the action is made by an authorized governmental decision maker and the action violates an individual's constitutional rights." *McRorie v. Shimoda*, 795 F.2d 780, 784 n.6 (9th Cir. 1986). A previously discussed, Plaintiffs allege that Santa Ana Police Chief Walters directed a policy of the Santa Ana Police Department that led to a constitutional violation. By pleading that a custom or policy that was directed by Walters, an authorized governmental decision maker, led to a constitutional violation, Plaintiffs have sufficiently pleaded a section 1983 claim. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 n.12 (1986) ("[D]ecisions with respect to law enforcement practices, over which the Sheriff *is* the official policymaker, *would* give rise to municipal liability.").

Additionally, Plaintiffs have sufficiently pleaded a section 1983 inadequate police training claim for municipal liability under *City of Canton v. Harris*, 489 U.S. 378 (1989). To impose liability under *Canton*, Plaintiffs must show: (1) that a City of Santa Ana employee violated Plaintiffs' constitutional rights; (2) that the City of Santa Ana had a custom or policy that amounted to deliberate indifference; and (3) that these policies were the moving force behind the employee's violation of Plaintiffs' constitutional rights. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002). "To prove deliberate indifference, the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." *Id.*

at 1186.  Plaintiffs allege that Andres Ramirez was shot and killed by two officers of the Santa Ana Police Department's Gang Suppression Unit in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendments.  (FAC ¶¶ 17-24, 35(a).)  Plaintiffs further allege that the Gang Suppression Unit has engaged in "far reaching and overly aggressive enforcement procedures which led to the killing of numerous different individuals"; that these procedures were ratified by officers of the Santa Ana Police Department and directed by Police Chief Walters; and that these procedures resulted in the death of Andres Ramirez.  (*Id.* ¶¶ 27-28.)  These allegations are sufficient to plead a section 1983 claim under *Canton*.  *See Gibson*, 290 F.3d at 1193-94.

**B.  Conspiracy under 42 U.S.C. § 1985**

Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted with respect to Plaintiffs' third claim for conspiracy under 42 U.S.C. § 1985.  (Mot. to Dismiss at 7-9.)  In their Opposition, Plaintiffs concede that after reviewing the law and authorities cited by Defendants, "Plaintiffs acknowledge that [the] cause of action should properly be dismissed."  (Opp'n at 6.)  Accordingly, the Court dismisses Plaintiffs' third claim.

**IV.  Conclusion**

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.  Accordingly, Plaintiffs' third claim for conspiracy under 42 U.S.C. § 1985 is DISMISSED.

DATED: May 11, 2011                    **JOSEPHINE STATON TUCKER**
                                       JOSEPHINE STATON TUCKER
                                       UNITED STATES DISTRICT JUDGE