James F. Rumm, SBN 224412
Dana L. Douglas, SBN 158548
Diana Lopez, SBN 267337
**DOUGLAS, LOPEZ & RUMM, LLP**
333 S. Anita Drive, Suite 780
Orange, CA 92868
Telephone: (714) 634-3800
Facsimile: (866) 927-0571

Attorney for Plaintiffs
Andres Junior Ramirez and Roxalia Jasmine Ramirez

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES JUNIOR RAMIREZ, by and through his guardian ad litem, LAURA JUAREZ,; ROXALIA JASMINE RAMIREZ, by and through her guardian ad litem, LAURA JUAREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, a California municipal entity; SANTA ANA POLICE DEPARTMENT, a California municipal entity; PAUL M. WALTERS; OFFICER FRANK GUTIERREZ; OFFICER MICHAEL HEITMANN; and Does 1-10, inclusive,<br><br>Defendants. | CASE NO: **SACV11-00292 JST (PJWx)**<br><br>**SECOND AMENDED CIVIL COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW;**<br>2. **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW (MONELL CLAIM);**<br>3. **WRONGFUL DEATH (C.C.P. §377.60);**<br>4. **ASSAULT and BATTERY;**<br><br>**DEMAND FOR JURY TRIAL** |

ANDRES JUNIOR RAMIREZ, a minor, by and through his Guardian ad litem PAULA JUAREZ; ROXALIA JASMINE RAMIREZ, a minor, by and through her Guardian ad litem PAULA JUAREZ allege as follows:

### INTRODUCTION

1. Plaintiffs seek judgment against Defendants the City of Santa; Santa Ana Police Department; Paul M. Walters, Officer Frank Gutierrez and Officer Michael Heitmann and Does

1

**SECOND COMPLAINT FOR DAMAGES**

1-10 Defendants, for wrongful death as the result of shooting and subsequent death of Andres Ramirez by officers of the Santa Ana Police Department on December 10, 2010 in the City of Santa Ana, California.

2. It is herein alleged that Defendants, Officer Frank Gutierrez and Officer Michael Heitmann, without legal cause or excuse, made an unreasonable seizure of the person of decedent Andres Ramirez, on December 10, 2010, violating his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and subjected him to summary, cruel and unusual punishment in violation of the Eighth Amendment which actions of Defendants resulted in the death of decedent Andres Ramirez, and caused damages to Plaintiffs.

3. This is an action for money damages brought pursuant to 42 U.S.C. sections 1981, 1983 and 1988, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

4. Plaintiffs' claims for relief under Federal law arise under and violate the following laws:

    a. Federal Civil Rights Act under 42 U.S.C. §§1981, 1983, 1985, 1986 and 1988;

    b. <u>Monell v. Department of Social Services</u> 436 U.S. 658 (1978);

    c. the Fourth Amendment of the United States Constitution;

    d. the Equal Protection clause and the Due Process Clause of the Fifth Amendment of the United States Constitution;

    e. the Eighth Amendment of the United States Constitution; and

    f. the Fourteenth Amendment of the United States Constitution.

## THE PARTIES

5. At all times herein mentioned, Plaintiff Andres Junior Ramirez is, and was, an individual residing in the State of North Carolina and a surviving natural son of decedent Andres Ramirez. Plaintiff Andres Junior Ramirez is an "heir at law" of decedent Andres Ramirez and is one of the surviving "children" of decedent Andres Ramirez as that term is defined by California Code of Civil Procedure Section 377.60(a) and elsewhere born on May 20, 2010 and has legal standing to maintain an action for wrongful death based upon the death of his father, Andres

Ramirez, under California Code of Civil Procedure Section 377.60. Plaintiff Andres Junior Ramirez may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful Death and Survival Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. 1983 including Robertson v. Wegmann (1978) 436 U.S. 584, 595; Bass v. Wallenstein 769 F.2d 1173, 1190 (7th Cir. 1985); Guyton v. Phillips 532 F.Supp 1154, 1167-1168 (N.V. Cal. 1981) [disapproved on other grounds by Peraza v. Delameter 722 F.2d 1455 (9th Cir. 1984); Williams v. City of Oakland 915 F.Supp 1074, 1079-1080 (N.D. Cal. 1996); Garcia v. Whitehead 961 F.Supp 230, 233 (C.D. Cal. 1997); Bell v. City of Milwaukee 746 F.2d 1205, 1235-1240 (7th Cir. 1985); McFadden v. Sanchez 710 F.2d 907, 911 (2nd Cir. 1983); and Jaco v. Bloechile 739 F.2d 239, 245 (6th Cir. 1984).

6. At all times herein mentioned, Plaintiff Roxalia Jasmine Ramirez is, and was, an individual residing in the State of North Carolina and a surviving natural daughter of decedent Andres Ramirez. Plaintiff Roxalia Jasmine Ramirez is an "heir at law" of decedent Andres Ramirez and is one of the surviving "children" of decedent Andres Ramirez as that term is defined by California Code of Civil Procedure Section 377.60(a) and elsewhere born on May 26, 2009 and has legal standing to maintain an action for wrongful death based upon the death of her father, Andres Ramirez, under California Code of Civil Procedure Section 377.60. Plaintiff Roxalia Jasmine Ramirez may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful Death and Survival Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. 1983 including Robertson v. Wegmann (1978) 436 U.S. 584, 595; Bass v. Wallenstein 769 F.2d 1173, 1190 (7th Cir. 1985); Guyton v. Phillips 532 F.Supp 1154, 1167-1168 (N.V. Cal. 1981) [disapproved on other grounds by Peraza v. Delameter 722 F.2d 1455 (9th Cir. 1984); Williams v. City of Oakland 915 F.Supp 1074, 1079-1080 (N.D. Cal. 1996); Garcia v. Whitehead 961 F.Supp 230, 233 (C.D. Cal. 1997); Bell v. City of Milwaukee 746 F.2d 1205, 1235-1240 (7th Cir. 1985); McFadden v. Sanchez 710 F.2d 907, 911 (2nd Cir. 1983); and Jaco v. Bloechile 739 F.2d 239, 245 (6th Cir. 1984).

7. Upon information and belief, defendant, City of Santa Ana ("Santa Ana"), is and

**SECOND COMPLAINT FOR DAMAGES**

was, at all times relevant to the matters alleged in this complaint, a municipal entity organized under the laws of the State of California, County of Orange, and the public employer of the police officers named as defendants in this action.

8. Upon information and belief, defendant, Santa Ana Police Department ("Police Department"), is and was, at all times relevant herein to the matters alleged in this complaint, a separate department of Defendant Santa Ana, organized under the law of the State of California, County of Orange, City of Santa Ana.

9. Upon information and belief, defendant, Officer Paul M. Walters ("Walters"), was at all times relevant herein to the matters alleged in this complaint, the Chief of Police of Defendant Santa Ana Police Department. Defendant Walters was individually and in his official capacity as Chief of Police, Santa Ana Police Department, the head policy maker of the Santa Ana Police Department.

10. Upon information and belief, defendant, Officer Frank Gutierrez, is and was, at all times relevant herein to the matters alleged in this complaint, a police officer with the Santa Ana Police Department. At all times herein mentioned, Defendant Officer Frank Gutierrez, and was, a police officer employed by Defendants Santa Ana and Police Department and, in doing the things herein alleged, was acting within the course and scope of his employment and was acting under color of law.

11. Upon information and belief, defendant, Officer Michael Heitmann, is and was, at all times relevant herein to the matters alleged in this complaint, a police officer with the Santa Ana Police Department. At all times herein mentioned, Defendant Officer Michael Heitmann is, and was, a police officer employed by Defendants Santa Ana and Police Department and, in doing the things herein alleged, was acting within the course and scope of his employment and was acting under color of law.

12. In addition to the facts alleged in the following paragraphs, the following defendants are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of California and/or the City of Santa Ana:

        a.        Defendant Walters, at all times relevant herein, the Chief of Police of the City of Santa Ana;

        b.        Defendants Santa Ana Police Department Officer Frank Gutierrez and Officer Michael Heitmann and others, the identity and number of whom are presently unknown to Plaintiffs, were, at all times relevant herein to the matters alleged in this complaint, employed as police officers by Defendant Santa Ana and Police Department.

13. Plaintiffs are unaware of the true names and capacities of those defendants sued herein as DOE defendants. Plaintiffs will amend this complaint to allege said defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed and believe, and thereon allege, that these DOE defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants legally and approximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful and wonton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this complaint to set forth said true names and identities of the unknown DOE defendants when they are ascertained.

14. Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the defendants was the agent and/or employee and/or co-conspirator of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of the other co-defendants. The acts of each of the Defendants were adopted by and ratified by the remaining Defendants.

15. Defendants Santa Ana, Police Department and Walters encouraged, assisted, ratified and/or with deliberate indifference failed to prevent any of the acts complained of herein and further created the policies that led to Plaintiff's decedent's death on December 11, 2010.

**SECOND COMPLAINT FOR DAMAGES**

16. On February 3, 2011, a claim was presented by Plaintiffs to Defendant SANTA ANA pursuant to and in substantial compliance with California Government Code section 910 for damages sustained as a result of the incident set forth below. On March 21, 2011, said claim was rejected by operation of law, and the current Complaint is timely filed as to all supplemental State claims. All prerequisite California Government Code claims filing requirements in relation to this case have been satisfied as to Defendants CITY OF SANTA ANA, a California municipal entity; SANTA ANA POLICE DEPARTMENT, a California municipal entity; and PAUL M. WALTERS.

## FACTS COMMON TO ALL COUNTS

17. On December 10, 2010, decedent, Andres Ramirez, was in the City of Santa Ana, visiting with his relatives, from North Carolina. Decedent, Andres Ramirez, was near his aunt's home in Santa Ana, California.

18. At approximately 9:40 p.m., Decedent, Andres Ramirez was on the 1100 Block of Poplar Street in Santa Ana, California.

19. Plaintiffs are informed, believe and thereon allege that Defendants Officer Frank Gutierrez and Officer Michael Heitmann, who are believed to be part of the Police Department Gang Suppression Unit, were in the area and chasing a suspected gang member, who was not Andres Ramirez.

20. Plaintiffs are informed, believe and thereon allege that Defendants Officer Frank Gutierrez and Officer Michael Heitmann came upon Andres Ramirez at that time and mistakenly believed that he was the man they had been chasing and that he was a gang member.

21. In fact, Decedent, Andres Ramirez, was not the person who Officer Frank Gutierrez and Officer Michael Heitmann had been chasing, and he was not a gang member.

22. Plaintiffs are informed, believe and thereon allege that Officer Frank Gutierrez and Officer Michael Heitmann, ordered Andres Ramirez to stop when they saw him.

23. Andres Ramirez stopped and was standing with his arms up and following the orders of Officer Frank Gutierrez and Officer Michael Heitmann.

6
**SECOND COMPLAINT FOR DAMAGES**

24. While, Andres Ramirez was standing with his arms up, he was approached from behind by Officer Frank Gutierrez, who fired his sidearm once into the back of Andres Ramirez's head, which resulted in the injury that caused Andres Ramirez's death.

25. Following the incident, Officer Frank Gutierrez and Officer Michael Heitmann created a blatantly false story that Andres Ramirez had tried to attack Officer Frank Gutierrez with a knife, which led Officer Frank Gutierrez to fire one shot from his firearm into Andres Ramirez's chest area, and this story was provided to the news media.

26. Obviously, the story provided to the press is completely erroneous as Andres Ramirez was shot in the back of the head, and as such he could not have been shot while approaching Officer Frank Gutierrez with a knife.

27. The Gang Suppression Unit of Defendant Police Department has been engaging in far reaching and overly aggressive enforcement procedures which has led to the killing of numerous different individuals in a unwritten policy and procedure of Defendant Police Department to intimidate individuals in Santa Ana through the violence and murder of individuals such as Andres Ramirez.

28. The policies and procedures of the Gang Suppression Unit were ratified and were made known to officers of Defendant Police Department at the direction of Defendant Walters.

29. Plaintiffs allege that on or about December 10, 2010, in the City of Santa Ana, California, decedent Andres Ramirez was arrested and detained, under color of state law, and without apparent cause, by Defendants Officer Frank Gutierrez and Officer Michael Heitmann, hereinafter referred to as "Defendant Officers."

30. Plaintiffs are informed and believe that in the course of detaining Andres Ramirez, Defendant Officers unnecessarily and unjustifiably shot Andres Ramirez in the back of the head causing his death. This conduct was intentional, reckless and in violation of Andres Ramirez's Constitutional rights.

31. Plaintiffs allege that on or about December 10, 2010, Defendant Officers, while so employed by Defendants Santa Ana and Police Department, and acting under color of law,

**SECOND COMPLAINT FOR DAMAGES**

arrested, assaulted and battered Andres Ramirez in violation of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

32. Plaintiffs are informed and believe that the force used by Defendant Officers was unjustified and excessive. Andres Ramirez was unarmed, had committed no crime (nor was he subsequently charged with a crime) and was not a threat to the safety of Defendants or others.

33. Plaintiffs are informed and believe that Andres Ramirez was not under the influence of alcohol, medication or a controlled substance at the time and place of this incident.

34. Andres Ramirez's birth date was November 14, 1989, and he passed away on December 11, 2010.

35. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Andres Ramirez suffered the following injuries and damages for which Plaintiffs may recover:

    a. Violation of Andres Ramirez's Constitutional Rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment;

    b. Loss of the life of Andres Ramirez including the value of his life;

    c. Conscious physical pain, suffering and emotional trauma during the incident of December 10, 2010 until his death early the next day.

36. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

    a. Loss of love, aide, comfort and society due to the death of decedent Andres Ramirez, according to proof;

    b. Loss of economic support of decedent Andres Ramirez; and

    c. Funeral and burial expenses according to proof.

37. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have suffered the following injuries, including but not limited to:

   a. Loss of economic support of decedent Andres Ramirez between the time of the injury-producing event on December 10, 2010 through the present;

   b. Punitive damages to punish and make and example of the individual officer defendants.

38. Defendants Santa Ana and Police Department are liable through the application of *respondeat superior* pursuant to Sections 815.2, 820 and 825 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting within the course and scope of their employment with said public entities.

## FIRST CLAIM FOR RELIEF

(By All Plaintiffs Against All Defendants For **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW** [42 USC §§1981, 1983, 1985, 1986 and 1988 including Wrongful Death and Survival under Federal Violation of Civil Rights])

39. Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs 1 through 38 as though fully set forth hereinafter.

40. This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of California.

41. At all times mentioned herein, Defendants Santa Ana and Police Department employed the individual defendants herein. Said defendants provided their individual defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of Defendants Santa Ana and Police Department.

42. During all times mentioned herein, the individual defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the State of California, City of Santa Ana. Each of the individual defendants here, separately and in concert, deprived Decedent, Andres Ramirez and Plaintiffs of the rights, privileges and immunities secured to them by the

Fourth and Fourteenth Amendments to the United States Constitution and the laws of the United States and the Constitution and laws of the State of California.

43. On or about December 10, 2010, Defendant Officers forcibly detained and seriously injured Andres Ramirez, Plaintiffs' decedent, as described above, all of which constituted excessive, unjustifiable, and unreasonable force in violation of Andres Ramirez, Plaintiffs' decedent's right to be free from unreasonable searches and seizures, and his due process right to be free from arbitrary deprivations of life, liberty, property and the pursuit of happiness. The above referenced alleged conduct was done with deliberate indifference and/or intentionally by Defendant Officers.

44. At all times herein relevant, and prior thereto, Defendants Walters, Police Department and Santa Ana had a duty to:

    a. To train Santa Ana Police Department officers to respect and protect the Federal constitutional and California constitutional and statutory rights of citizens, arrestees and detainees;

    b. To supervise Santa Ana Police Department officers to assure that they do not use excessive force, and do not assault and batter citizens;

    c. To supervise Santa Ana Police Department officers to assure that they respect and protect the Federal constitutional and California constitutional and statutory rights of citizens, arrestees and detainees;

    d. Not to retain on the Santa Ana Police Department officers with a propensity for violence and use of excessive force;

    e. To refrain from the use of restraint techniques that can pose an unreasonable risk of serious bodily injury, and constitute the use of unreasonable force;

45. To the contrary, Defendants Walters, Police Department and Santa Ana have illustrated their willful and deliberate indifference to the constitutional rights of Decedent, Andres Ramirez and Plaintiffs by the following:

  a. By failing, neglecting and refusing to train Santa Ana Police Department officers to respect and protect the Federal constitutional and California constitutional and statutory rights of citizens, arrestees and detainees;

  b. By failing, neglecting and refusing to supervise Santa Ana Police Department officers to assure that they do not use excessive force, and do not assault and batter citizens;

  c. By failing, neglecting and refusing to supervise Santa Ana Police Department officers to assure that they respect and protect the Federal constitutional and California constitutional and statutory rights of citizens, arrestees and detainees;

  d. By failing, neglecting and refusing to terminate on the Santa Ana Police Department officers with a propensity for violence and use of excessive force;

  e. By instituting a policy of excessive force and harm against individuals in an attempt to intimidate potential gang members in Santa Ana.

46. The above acts or omissions of Defendant Officers were undertaken while under color of state law and resulted in the violation of Plaintiffs' constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of Defendants Walters, Police Department and Santa Ana alleged herein and as applied to Plaintiffs, resulted in violation of Plaintiffs' decedent's constitutional rights.

47. At all times herein mentioned, there was no need for the force utilized against Plaintiffs' decedent, Andres Ramirez. There was no crime committed by Andres Ramirez and, Andres Ramirez, was complying with all instructions of Officer Frank Gutierrez and Officer Michael Heitmann, did not pose an immediate threat to the safety of the Defendant Officers or others and was not actively resisting arrest or attempting to evade arrest by flight.

48. The above acts, omissions, customs, practices and/or decisions of the defendants, and each of them, while carried out under color of law, have no justification or excuse in law, an instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary, and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting

**SECOND COMPLAINT FOR DAMAGES**

persons, property, or ensuring civil order. The above acts, omissions, decisions, customs, practices and/or policies were consciously chosen from among various alternatives.

49. Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs' decedent of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendants Officer Frank Gutierrez and Officer Michael Heitmann in an amount to be proven at the trial of this matter.

50. As a direct, proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, and each of them, Plaintiffs have suffered, and continue to suffer, the loss of Plaintiffs' decedent who died because of Defendants' actions. Additionally, due to the aforesaid acts, omissions, customs, practices, policies and decisions, Plaintiffs' decedent was disabled from pursuing his usual occupation.

51. Plaintiffs may maintain causes of action under 42 U.S.C. §1983 as a Federal Survival Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. 1983 including Robertson v. Wegmann (1978) 436 U.S. 584, 595; Bass v. Wallenstein 769 F.2d 1173, 1190 (7th Cir. 1985); Guyton v. Phillips 532 F.Supp 1154, 1167-1168 (N.V. Cal. 1981) [disapproved on other grounds by Peraza v. Delameter 722 F.2d 1455 (9th Cir. 1984)]; Williams v. City of Oakland 915 F.Supp 1074, 1079-1080 (N.D. Cal. 1996); Garcia v. Whitehead 961 F.Supp 230, 233 (C.D. Cal. 1997); Bell v. City of Milwaukee 746 F.2d 1205, 1235-1240 (7th Cir. 1985); McFadden v. Sanchez 710 F.2d 907, 911 (2nd Cir. 1983); and Jaco v. Bloechile 739 F.2d 239, 245 (6th Cir. 1984).

52. At all times herein mentioned, Plaintiffs are entitled to recover damages for the value of decedent Andres Ramirez's life, as well as for decedent Andres Ramirez's pain and suffering. This includes pain and suffering of decedent and the value of the loss of his life, which Plaintiffs allege to be in excess of twenty million dollars ($20,000,000.00).

53. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

    a. Loss of love, aide, comfort and society due to the death of decedent, Andres Ramirez, according to proof;

    b. Loss of economic support of decedent, Andres Ramirez; and

    c. Funeral and burial expenses according to proof.

54. Additionally, Plaintiffs have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the vindication of Plaintiffs' constitutional rights. Plaintiffs are entitled to and hereby demand costs, attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

(By All Plaintiffs Against Defendants Santa Ana, Police Department and Walters and Does 1-10 for **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW** (<u>MONELL</u> CLAIM) [42 USC §§1983, 1985, 1986, 1988 including Wrongful Death and Survival under Federal Violation of Civil Rights])

55. Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs 1 through 54 as though fully set forth hereinafter.

56. At all times herein mentioned, Defendants Santa Ana and the Police Department maintained a custom, policy and practice to allow the violation of the Civil rights of individuals whom they were detaining, including applying excessive force against potential gang members in an attempt to harass and intimidate those individuals. All of these actions were done in violation of Plaintiffs' decedent, Andres Ramirez's Civil Rights under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for the denial of the Civil Rights of Plaintiffs' decedent and others. This policy was instituted, specifically by the Gang Unit in an attempt to cut down on gang activity in the City of Santa Ana and has led to widespread unnecessary violence being inflicted upon individuals in the city such as decedent, Andres Ramirez.

57. Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs' decedent of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendants Officer Frank Gutierrez and Officer Michael Heitmann in an amount to be proven at the trial of this matter.

58. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Andres Ramirez suffered the following injuries and damages, , which Plaintiffs allege to be in excess of twenty million dollars ($20,000,000.00), for which Plaintiffs may recover:

    a. Violation of Andres Ramirez's Constitutional Rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment;

    b. Loss of the life of Andres Ramirez including the value of his life;

    c. Conscious physical pain, suffering and emotional trauma during the incident of December 10, 2010 through his death.

59. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

    a. Loss of love, aide, comfort and society due to the death of decedent, Andres Ramaiez, according to proof;

    b. Loss of economic support of decedent Andres Ramirez; and

    c. Funeral and burial expenses according to proof.

60. Additionally, Plaintiffs have been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the vindication of Plaintiffs' constitutional rights. Plaintiffs are entitled to and hereby demands costs, attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

**SECOND COMPLAINT FOR DAMAGES**

## THIRD CLAIM FOR RELIEF

(By All Plaintiffs Against All Defendants and DOES 1-10 For WRONGFUL DEATH (C.C.P. §377.60))

61. Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs 1 through 60 as though fully set forth hereinafter.

62. Plaintiffs invoke the pendant jurisdiction of this Court to hear and determine this claim.

63. On or about December 10, 2010, defendants, and each of them, acting within the course and scope of their employment with the Santa Ana Police Department, forcefully detained Plaintiffs' decedent, and, Plaintiffs are informed and believe, that in the course of detaining Plaintiffs' decedent Defendants Officer Frank Gutierrez and Officer Michael Heitmann caused Plaintiffs' decedent to be shot in the back of his head. As a result of Defendants' actions Plaintiffs' decedent died on December 11, 2010.

64. The harmful and offensive conduct, inflicted by defendants upon Plaintiffs' decedent, was intentionally committed by defendants, and each of them, and was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary, or punitive, damages as to each of these individual defendants Officer Frank Gutierrez and Officer Michael Heitmann in an amount to be proven at trial.

65. Moreover, as a legal, direct and proximate cause of the aforesaid conduct, Plaintiffs have suffered, and continue to suffer the loss of Plaintiffs' decedent.

66. Said assault and battery was not consented to by Plaintiffs' decedent, nor was the defendants' infliction of serious bodily injury upon Plaintiffs' decedent privileged or immunized by the laws of the State of California.

67. Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages

against the individual defendants Officer Frank Gutierrez and Officer Michael Heitmann in an amount to be proven at the trial of this matter.

68. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Andres Ramirez suffered the following injuries and damages, which Plaintiffs allege to be in excess of twenty million dollars ($20,000,000.00), for which Plaintiffs may recover:

    a. Loss of love aide, comfort and society due to the death of decedent Andres Ramirez, according to proof;

    b. Loss of economic support of decedent, Andres Ramirez; and

    c. Funeral and burial expenses according to proof.

### FOURTH CLAIM FOR RELIEF

(By Plaintiffs Against All Defendants and DOES 1-10 For **ASSAULT AND BATTERY**.)

69. Plaintiffs repeat and reallege each and every allegation of the foregoing paragraphs 1 through 68 as though fully set forth hereinafter.

70. Plaintiffs invoke the pendant jurisdiction of this Court to hear and determine this claim.

71. On or about December 10, 2010, defendants, and each of them, acting within the course and scope of their employment with the Santa Ana Police Department, forcefully detained Plaintiffs' decedent, and, Plaintiffs are informed and believe, that in the course of detaining Plaintiffs' decedent Defendant Officer Frank Gutierrez and Officer Michael Heitmann caused Plaintiffs' decedent to be shot in the back of his head. As a result of Defendants' actions Plaintiffs' decedent died on December 11, 2010.

72. Said harmful and offensive conduct, i.e., the gun shot to the back of the head inflicted by defendants upon Plaintiffs' decedent, was intentionally committed by defendants, and each of them, and was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary, or punitive, damages as to each of these individual defendants Officer Frank Gutierrez and Officer Michael Heitmann in an amount to be proven at trial.

73. Moreover, as a legal, direct and proximate cause of the aforesaid conduct, Plaintiffs have suffered, and continue to suffer the loss of Plaintiffs' decedent.

74. Said assault and battery was not consented to by Plaintiffs' decedent, nor was the defendants' infliction of serious bodily injury upon Plaintiffs' decedent privileged or immunized by the laws of the State of California.

75. Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendants Officer Frank Gutierrez and Officer Michael Heitmann in an amount to be proven at the trial of this matter.

76. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Andres Ramirez suffered the following injuries and damages, which Plaintiffs allege to be in excess of twenty million dollars ($20,000,000.00), for which Plaintiffs may recover:

    a. Loss of love aide, comfort and society due to the death of decedent Andres Ramirez, according to proof;

    b. Loss of economic support of decedent, Andres Ramirez; and

    c. Funeral and burial expenses according to proof.

**WHEREFORE**, Plaintiffs pray for judgment against defendants as follows:

1. General damages for violation of Andres Ramirez's Constitutional Rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment in the sum of $20,000,000.00;

2. General damages for loss of the life of Andres Ramirez including the value of his life in an amount according to proof at the time of trial;

3. General damages for conscious physical pain, suffering and emotional trauma during the incident of December 10, 2010 through Andres Ramirez's death in an amount according to proof at the time of trial;

4. Loss of love, aid, comfort and society due to the death of decedent Andres Ramirez, according to proof;

5. Loss of economic support of decedent Andres Ramirez in an amount according to proof at the time of trial;

6. Funeral and burial expenses according to proof;

7. Punitive damages to punish and make an example of the individual officer defendants, Officer Frank Gutierrez and Officer Michael Heitmann in an amount according to proof at the time of trial;

8. Attorneys' fees, investigation expenses, costs, and other expenses in the vindication of Plaintiffs' Constitutional Rights under 42 U.S.C. §1988 in an amount according to proof at the time of trial;

9. For other general damages in an amount according the proof at trial;

10. For other special damages in an amount according to proof at trial;

11. For pre-judgment and post-judgment interest; and

12. For such other and further relief as the Court may deem just and proper;

Dated: September 7, 2011

DOUGLAS, LOPEZ & RUMM, LLP

By: _____
James F. Rumm
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs, Andres Junior Ramirez and Roxalia Jasmine Ramirez, hereby demand a trial by jury on all issues so triable.

Dated: September 7, 2011            DOUGLAS, LOPEZ & RUMM, LLP

By: _____
James F. Rumm
Attorneys for Plaintiff

SECOND COMPLAINT FOR DAMAGES

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 333 Anita Drive, Suite 780, Orange, California 92868.

On September 7, 2011, I served the foregoing document, entitled **SECOND AMENDED CIVIL COMPLAINT FOR DAMAGES** on the interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Steven J. Rothans, Esq.<br>Jill W. Babington, Esq.<br>CARPENTER, ROTHANS & DUMONT<br>888 S. Figueroa Street, Suite 1960<br>Los Angeles, CA 90017<br>Tel: (213) 228-0400 Fax: (213) 228-0401<br>srothans@crdlaw.com<br>jbabington@crdlaw.com | Attorney for Defendant, CITY OF SANTA ANA, a public entity, [also erroneously sued herein as the ["Santa Ana Police Department"] |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Orange, California, in the ordinary court of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY FAX:** I transmitted the foregoing document by facsimile transmission from (866) 927-0571 to the facsimile numbers indicated on the attached mailing list. The transmission was reported as complete and without error on the transmission report, which was properly issued by the transmitting facsimile machine.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on September 7, 2011, in Orange, California.

_Marina Gil_
TYPE OR PRINT NAME                             SIGNATURE